IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VICTORIA L. WILSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MOOCH EXTERIOR DESIGNS, INC.;<br>and PAUL C. HUNYADY,<br><br>　　　　　Defendants. | **JUDGMENT IN A CIVIL CASE**<br><br>Case No. 4:19-cv-00064-DN-PK<br><br>District Judge David Nuffer |

　　　　IT IS ORDERED AND ADJUDGED THAT:

　　　　1.　　Judgment is entered in favor of Plaintiff Victoria L. Wilson ("Wilson") and against Defendants Mooch Exterior Designs Inc. ("Mooch") and Paul C. Hunyady ("Hunyady"), jointly and severally, in the principal amount of $791,351.19 on the First, Second, Third, Eleventh, and Twelfth Causes of Action set forth in the Complaint. All other causes of action set forth in the Complaint are DISMISSED without prejudice.

　　　　2.　　This Judgment, and all amounts due hereunder, shall accrue interest at the contract rate of 6.5% per annum from September 1, 2019, until paid in full, and shall be further augmented in the amount of reasonable costs and attorney's fees incurred in collecting it, by execution or otherwise, as shall be established by a motion and affidavit.

　　　　3.　　Since April 26, 2017, Wilson has had, and continues to have, a valid, enforceable, subsisting, and perfected security interest in all of Mooch's general intangibles, accounts, goods, instruments, documents, inventory, equipment, and fixtures (collectively, the "Collateral"). Until and unless all amounts owed under this Judgment have been paid in full, Mooch and Hunyady are each PERMANENTLY ENJOINED enjoined from harming, damages, concealing,

elm

transferring, or disposing of the Collateral in any way except in the ordinary course of business. This permanent injunction shall remain in force and effect after the closing of this action.

    4.    With respect to the Collateral, or any portion of the Collateral, Wilson is authorized and entitled to do all, or any combination of, the following in a commercially reasonable manner and without breaching the peace:

    a.    require Mooch and Hunyady, upon request, to assemble the Collateral and make it available to Wilson at a place she designates that is reasonably convenient to all parties;

    b.    take immediate possession and control of the Collateral, wherever it may be found or located;

    c.    remove the Collateral;

    d.    sell, lease, license, or otherwise dispose of any or all of the Collateral;

    e.    notify an account debtor or other person obligated on the Collateral to make payment or otherwise render performance to or for Wilson's benefit;

    f.    enforce the obligations of an account debtor or other person obligated on the Collateral and exercise the rights of Mooch with respect to the obligation of the account debtor or other person obligated on the Collateral to make payment or otherwise render performance to Mooch, and with respect to any property that secures the obligations of the account debtor or other person obligated on the Collateral;

    g.    apply the balance of any deposit account to any amounts owed under this Judgment; and

    h.    instruct the bank to pay the balance of any deposit account to or for Wilson's benefit.

5. The exercise of Wilson's rights under Paragraph 4 of this Judgment are subject to the terms of the parties' September 1, 2019 Settlement Agreement.

6. The clerk is directed to close this action.

Signed September 9, 2019.

BY THE COURT:

David Nuffer
United States District Judge