THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VICTORIA L. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>MOOCH EXTERIOR DESIGNS, INC., and PAUL C. HUNYADY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 4:19-cv-00064-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Paul C. Hunyady seeks reconsideration ("Motion for Reconsideration")[1] of the October 14, 2021 order setting the amount and schedule for his repayment of all amounts paid under the Criminal Justice Act ("CJA") on his behalf in this case ("Order for Repayment").[2] The Order for Repayment requires Mr. Hunyady to pay to the court $70,521.34, with at least half the amount ($35,260.67) being due by no later than November 30, 2021, and the remainder being due by no later than December 31, 2021.[3] Mr. Hunyady argues that the repayment amount should be reduced or eliminated entirely because the CJA expenditures were unnecessarily caused by Plaintiff's Victoria L. Wilson's conduct while pursuing sanctions against him in this case.[4] Mr. Hunyady also argues that based on his financial

---

[1] Defendant Paul Hunyady's Request for Reconsideration of Court's Order on CJA Fees ("Motion for Reconsideration"), docket no. 176, filed Nov. 19, 2021.

[2] Order Directing Paul C. Hunyady's Repayment of CJA Funds ("Order for Repayment"), docket no. 174, filed Oct. 14, 2021.

[3] *Id*. at 4.

[4] Motion for Reconsideration at 2-3.

circumstances, he should be permitted to pay any remaining portion of the repayment amount in monthly payments of no more than $250.[5]

Because Mr. Hunyady fails to present a sufficient basis for reconsideration of the Order for Repayment, his Motion for Reconsideration[6] is DENIED.

## DISCUSSION

Mr. Hunyady does not cite to any Federal Rule of Civil Procedure as a vehicle for his Motion for Reconsideration. "Generally, a motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)."[7] "In addition, every order short of a final decree is subject to reopening at the discretion of the district judge."[8]

Mr. Hunyady's Motion for Reconsideration was filed November 19, 2021. It seeks reconsideration of the Order for Repayment which entered on October 14, 2021, approximately one month after the entry of final judgment in the case.[9] Therefore, the Motion for Reconsideration is properly construed under Rule 60(b).[10]

---

[5] *Id*. at 3-4.

[6] Docket no. 176, filed Nov. 19, 2021. Plaintiff Victoria Wilson filed a response opposing the Motion for Reconsideration. Response to Paul C. Hunyady's Motion to Reconsider, docket no. 180, filed Nov. 29, 2021. Considering the timing of the Motion for Reconsideration's filing in relation to Mr. Hunyady's November 30, 2021 deadline to repay half of the amount due, as well as the lack of evidentiary support and merit to Mr. Hunyady's arguments for reconsideration, a reply memorandum from Mr. Hunyady is unnecessary and will not aid or affect the determination on his Motion for Reconsideration.

[7] *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (internal quotations and citations omitted).

[8] *Id*. (internal quotations omitted).

[9] Amended and Restated Judgment in a Civil Case, docket no. 170, filed Sept. 10, 2021.

[10] *Prince*, 420 F.3d at 1167 n.9.

Rule 60(b) provides from relief from an order "[o]n motion and just terms" the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[11]

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[12]

Mr. Hunyady argues that reconsideration of the Order for Repayment is appropriate because Ms. Wilson's conduct unnecessarily caused the CJA expenditures that were paid on his behalf, and because he lacks the financial resources to comply with the repayment schedule.[13] However, Mr. Hunyady fails to establish the applicability and timeliness of any Rule 60(b) basis for relief from the Order for Repayment.

Mr. Hunyady was ordered to repay all CJA funds paid on his behalf in this case by an order entered on May 6, 2021 ("Order Re: Financial Ineligibility and Perjury").[14] He became

---

[11] FED. R. CIV. P. 60(b).

[12] *Id*. at 60(c).

[13] Motion for Reconsideration at 2-4.

[14] Findings of Fact, Conclusions of Law, and Order Re: Paul C. Hunyady's Financial Ineligibility and Perjury ("Order Re: Financial Ineligibility and Perjury") ¶¶ 3-4 at 14, docket no. 119, filed May 6, 2021.

aware of the basis on which he argues Ms. Wilson's unnecessarily caused CJA expenditures a week later, on May 13, 2021.[15] Mr. Hunyady then entered a settlement agreement on July 23, 2021,[16] which led to the resolution of this case on September 10, 2021.[17] The settlement agreement expressly states that it had no impact or effect on Mr. Hunyady's obligation to repay all CJA funds paid on his behalf in this case.[18] The Order for Repayment entered on October 14, 2021, setting Mr. Hunyady's repayment amount and schedule.

     Mr. Hunyady did not diligently attempt to challenge the order that he repay all CJA funds. Indeed, Mr. Hunyady has never sought reconsideration or modification of the Order Re: Financial Ineligibility and Perjury. And Mr. Hunyady did not enter a settlement agreement that accounted for the conduct of Ms. Wilson that he argues increased CJA expenditures paid on his behalf. Mr. Hunyady instead waited over six months to now seek reconsideration the Order for Repayment—a separate order which implements the Order Re: Financial Ineligibility and Perjury by setting Mr. Hunyady's repayment amount and schedule. Mr. Hunyady's belated attempt for reconsideration of the order that he repay all CJA funds paid on his behalf in this case is not reasonable under the circumstances. It is untimely.

     Additionally, Mr. Hunyady makes no attempt to present evidence or an itemization of the amounts for which he seeks reduction based on Ms. Wilson's conduct. Nor does he request additional time to obtain evidence to make such an itemization. Mr. Hunyady's argument is also contrary to the express representations and admissions Mr. Hunyady made in the settlement agreement with Ms. Wilson.

---

[15] Motion for Reconsideration at 3; Motion to Continue Evidentiary Hearing, docket no. 143, filed May 13, 2021.

[16] Settlement Agreement, docket no. 19-1 in *Wilson v. Hunyady*, 2:21-cv-00222-DN (D. Utah), filed Aug. 16, 2021.

[17] Amended and Restated Judgment in a Civil Case.

[18] Settlement Agreement ¶ L at 2.

Mr. Hunyady "acknowledge[d] and agree[d] that at all times relevant to the disputes . . . he owned, manages, controlled, and directly caused Mooch [Exterior Designs, LLC] to engage in the actions or inactions that [the court] found and concluded violated court orders . . . [and] that at all times relevant to the disputes . . . he was the alter ego of Mooch [Exterior Designs, LLC] and all of Mooch[ Exterior Designs, LLC]'s actions and conduct are attributable to him."[19] Mr. Hunyady also admitted to the allegations that Ms. Wilson had made against him,[20] including that he:

- "[wa]s using [his] bankruptcy case to continue to damage, conceal, and dispose of the Collateral in violation of the Injunction[;]"[21]

- "has continued to damage, conceal, and dispose of Mooch[ Exterior Designs, LLC]'s assets, including the Collateral[;]"[22]

- "[wa]s using the financial assets of [Mooch Exterior Designs, LLC] and money borrowed from [Ms. Wilson] to finance his sex addiction with girlfriends, prostitutes, and call girls;"[23]

- "has been converting [Mooch Exterior Designs, LLC] assets, which constitute [Ms. Wilson's] Collateral, including personal property business assets and funds collected from accounts and accounts receivable, for his own benefit and use[;]"[24]

- "willfully caused injury to [Ms. Wilson's] property interest in the Collateral by intentionally and maliciously converting the Collateral to his own use and benefit such that [Ms. Wilson] has been unable to recover her Collateral, [Mooch Exterior Designs, LLC] business opportunities have been diverted or converted, and proceeds from collected accounts have been spent[;]"[25]

---

[19] *Id*. ¶ P at 2-3.

[20] *Id*. § 3 at 4.

[21] Complaint to Determine Dischargeability of Debt ¶ 113 at 17, docket no. 12-1 in *Wilson v. Hunyady*, 2:21-cv-00222-DN (D. Utah), filed Apr. 19, 2021.

[22] *Id*. ¶ 114 at 17.

[23] *Id*. ¶ 120(d) at 19.

[24] *Id*. ¶ 130 at 22.

[25] *Id*. ¶ 131 at 22.

- "intentionally and maliciously convert[ed Ms. Wilson's] Collateral to his own use and benefit such that [Ms. Wilson] has been unable to recover her Collateral, [Mooch Exterior Designs, LLC] business opportunities have been diverted or converted, and proceeds from collected accounts have been spent, [thereby] caus[ing] great harm and injury to [Ms. Wilson], in that the value of her Collateral has been greatly depleted."[26]

Mr. Hunyady's representations and admissions in the settlement agreement completely undercut his unsupported assertions and argument regarding Ms. Wilson being the cause of increased CJA expenditures in this case.

Mr. Hunyady's argument regarding the cause of CJA expenditures is also misplaced. The argument ignores that Mr. Hunyady was financially ineligible under the CJA for the appointment of counsel.[27] He was appointed CJA counsel represent him in this case based on false material testimony that he willfully and knowingly made in a financial affidavit.[28] All CJA funds that were paid on Mr. Hunyady's behalf in this case were caused by his false material testimony.[29] Mr. Hunyady fails to present a sufficient basis to reconsider the order that he repay all CJA funds paid on his behalf. Reduction or elimination of the amount Mr. Hunyady must repay is not appropriate under the circumstances. Therefore, he must repay all CJA funds paid on his behalf in this case.[30]

Mr. Hunyady's argument for an alternative payment schedule similarly lacks merit. Mr. Hunyady references Mr. Wilson's judgment, a separate judgment in favor of "Retail Capital LLC," and a lien from the California Franchise Tax Board as the basis for arguing that he has

---

[26] *Id*. ¶ 132 at 22.

[27] Order of Financial Ineligibility and Perjury ¶¶ 7-8 at 12.

[28] *Id*. ¶¶ 41-46 at 10-11, ¶¶ 4-8 at 12, ¶¶ 13-16 at 13.

[29] *Id*.

[30] *Id*. ¶¶ 3-4 at 14; Order for Repayment at 4.

insufficient financial resources to comply with the Order for Repayment.[31] He has been aware of the judgments and lien since at least mid-September 2021.[32] He has known of his obligation to repay all CJA funds since entry of the Order Re: Financial Ineligibility and Perjury on May 6, 2021. And he has known of the repayment amount and schedule since entry of the Order for Repayment on October 14, 2021. Yet Mr. Hunyady waited until November 19, 2021, just eleven days before his first payment is due, to seek reconsideration of his repayment schedule.

Mr. Hunyady provides no explanation for not seeking adjustment of his repayment schedule sooner. He provides no evidence of the Retail Capital LLC judgment or the California Franchise Tax Board lien. And he fails to provide a financial affidavit or other evidence demonstrating his current financial circumstances or an inability to repay the CJA funds as ordered. Additionally, Mr. Hunyady's representations and admissions in the settlement agreement[33] with Ms. Wilson, and the evidence presented at the evidentiary hearing[34] which resulted in the order that Mr. Hunyady repay all CJA funds expended on his behalf, strongly support that Mr. Hunyady has the financial resources and ability to comply with the Order for Repayment. Therefore, Mr. Hunyady fails provide a sufficient basis to reconsider the Order for Repayment.[35]

---

[31] Motion for Reconsideration at 4.

[32] *Id*.

[33] Settlement Agreement ¶ L at 2, ¶ P at 2-3, § 3 at 4; Complaint to Determine Dischargeability of Debt ¶¶ 113-114 at 17, ¶ 120(d) at 19, ¶¶ 130-132 at 22.

[34] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 116, filed Apr. 26, 2021.

[35] Even if Mr. Hunyady's Motion for Reconsideration is construed as a motion to extend his deadline to make the repayments under Rule 6(b), he fails to establish good cause to modify the repayment schedule. "Good cause comes into play in situations in which there is no fault—excusable or otherwise." *Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017). "In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id*. at 700-701. "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts." *Id*. at 701.

## ORDER

IT IS HEREBY ORDERED that Mr. Hunyady's Motion for Reconsideration[36] is DENIED.

Signed November 29, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[36] Docket no. 176, filed Nov. 19, 2021.